ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

875 THIRD AVENUE

NEW YORK, NEW YORK 10022-0123

(212) 603-6300

FAX (212) 956-2164

Fred B. Ringel
(212) 603-6301
fbr@robinsonbrog.com
Fax: 212-581-5981

August 14, 2017

**VIA ECF DELIVERY AND FIRST CLASS MAIL**
The Honorable Sean H. Lane
United States Bankruptcy Judge
United States Bankruptcy Court
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004

RE:    135 West 13 LLC   Case No. 17-11371 (SHL)

Dear Judge Lane:

I write in response to a letter written by the Debtor's tenant Mr. Bernard Demirdag ("Demirdag") which was filed on the docket of this case [ECF Doc No. 44]. In the letter Demirdag reported that shortly after the filing of the Debtor's chapter 11 case on May 17, 2017, the managing agent contacted all tenants and advised them to make rent checks payable to "DIP 135 West 13 LLC" instead of "135 West 13 LLC". The letter goes on to state that he asked for "more information on the new entity" and after communicating with the Landlord, the Debtor "reversed course and accepted rent checks payable to 135 West 13 LLC. The tenant the makes the gratuitous and totally unsupported comments regarding alleged mismanagement of funds.

I write to correct the numerous misstatements in Mr. Demirdag's communication to the Court and to correct the record.

First and most importantly, there has been no mismanagement of funds by the Debtor and none have previously been alleged in this case outside of this one unsupported allegation.

Second, as can be seen from the email Demirdag attached to own letter, a communication from Matt Goodman, the Managing Agents representative, requesting all tenants to change the payee on the rent checks to the Debtor-in-possession. This letter was sent on May 23, 2017 shortly after the case was filed and

{00878304.DOC;1 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Hon. Sean H. Lane
August 14, 2017
Page 2

coincident with the opening of the Debtor's DIP bank account at TD Bank. The notice to change the payee to the debtor in possession was also accompanied by the Notice of Filing generated by this Court that identified the Debtor by its EIN number and case number. As this Court knows, this notification is entirely routine and proper in a chapter 11 case and required to properly administer a case.

I am advised by Mr. Goodman that what Demirdrag omits from his letter was not that he asked for "more information" generally that the Debtor could not provide, but that he specifically asked for that he insisted on receiving a copy of a Court Order directing that payment be made to the debtor. When Mr. Goodman advised the Debtor's principle of this request, he was instructed to provide a copy of the notice of filing (copy attached) but could not provide an order because none existed. When that too proved insufficient for the tenant, the Debtor contacted TD Bank and was advised by the Bank that they would accept checks drawn to 135 West 13 LLC for deposit into the DIP account. Mr. Goodman relayed the information to Mr. Demirdag, which he interpreted in his letter as "reversing course" and accepted a check made payable to the pre-petition entity which was deposited into the DIP account at TD Bank.

Since Mr. Goodman gave notice to the tenants on May 23, 2017, all of the other tenants are making payment to the debtor in possession without incident. Only Mr. Demirdag sought an order directing payments to the Debtor and refused to make payments absent such an order. When we determined that the Bank would process his checks, it was far simpler and less expensive to make an exception for the tenant's non-compliance with our request than to try and obtain an order.

We trust this is responsive to the tenant's letter.

Respectfully submitted,

Fred B. Ringel

FBR:tef
Enclosure
cc: Bernard Demirdag
    135 West 13 Street, Apt. 10
    New York, NY 10011

{00878304.DOC;1 }860772

 Gmail                                              Bernard Demirdag <bernard1907@gmail.com>

## New entity for rent checks

Matt Goodman <Matt@ericgoodmanrealty.com>                              Tue, May 23, 2017 at 11:35 AM
To: Matt Goodman <Matt@ericgoodmanrealty.com>

Dear Tenants,

Beginning with June's rent payment, please update the Payee to:

Dip135 West13,LLC

Checks should be made payable to Dip135 West13, LLC from now on.

Thank you,

------------------------
Matt Goodman
Vice President
Eric Goodman Realty
307 E 89th Street
suite G
NY, NY 10128
(212)427-4100

| Information to identify the case: | | |
|---|---|---|
| Debtor | 135 West 13 LLC <br> Name | EIN  26-1544626 |
| United States Bankruptcy Court  Southern District of New York | | Date case filed for chapter  11  5/17/17 |
| Case number:  17-11371-shl | | |

Official Form 309F (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case                                                    12/15

For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

The staff of the bankruptcy clerk's office and the office of the U.S. Trustee cannot give legal advice.

Do not file this notice with any proof of claim or other filing in the case.

| 1. Debtor's full name | 135 West 13 LLC | |
|---|---|---|
| 2. All other names used in the last 8 years | | |
| 3. Address | c/o Eric Goodman Realty Corp. <br> 307 E. 89th Street <br> Attn: Matt Goodman <br> New York, NY 10128 | |
| 4. Debtor's attorney <br> Name and address | Fred B. Ringel <br> Robinson Brog Leinwand Greene Genovese & Gluck P.C. <br> 875 Third Avenue <br> 9th Floor <br> New York, NY 10022 | Contact phone  (212) 603-6300 <br><br> Email:  fbr@robinsonbrog.com |
| 5. Bankruptcy clerk's office <br> Documents in this case may be filed at this address. <br> You may inspect all records filed in this case at this office or online at www.pacer.gov. | One Bowling Green <br> New York, NY 10004-1408 <br><br> Clerk of the Bankruptcy Court: <br> Vito Genna | Office Hours: Monday – Friday 8:30 AM – 5:00 PM <br><br> Contact phone  212-668-2870 <br> Date: 5/22/17 |
| 6. Meeting of creditors <br> The debtor's representative must attend the meeting to be questioned under oath. <br> Creditors may attend, but are not required to do so. | June 23, 2017 at 02:30 PM <br><br> The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location: <br><br> Office of the United States Trustee, United States Bankruptcy Court, SDNY, One Bowling Green, Room 511, Fifth Floor, New York, NY 10004-1408 |

For more information, see page 2 >